section does permit courts, for cause, to alter the typical effects of dismissal. *Accord In re Morris*, 950 F.2d 1531, 1535 (11th Cir.1992). The Court is not persuaded by DOR's argument that, since the purpose of 11 U.S.C. § 349 is to undo the bankruptcy case, the instant transfers should not come within 11 U.S.C. § 1146(c). The legislative history on § 349(b) contains limitations with regard to this purpose. Moreover, the text of § 349(b) sets forth what constitutes the typical amount of undoing of a bankruptcy case and, although referring to specific sections of the Bankruptcy Code, does not mention § 1146(c). Case law supports such a position. *See* 2 *Collier on Bankruptcy*, § 349.03 n. 4c (15th ed. 1992) (citing cases) ("[C]ourts have refused to *extend* the reinstatement effect of section 349(b) beyond its expressly enumerated provisions.") (emphasis added). Accordingly, it is

**ORDERED** that

1) pursuant to 11 U.S.C. § 1146(c) the transfers of the Inn at the Wharf and the Suites at the Wharf (the "Properties") from the Debtors to Wharf Properties of Key West, Inc., a subsidiary of Barnett Bank, under the Plan confirmed pursuant to 11 U.S.C. § 1129 are exempt from the $33,600 paid for documentary stamp tax despite the subsequent dismissal of the Debtors' cases; and

2) the Florida Department of Revenue is ordered and directed to process the application for refund according to its normal procedures.

**DONE AND ORDERED.**

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The legislative history of § 349(b) provides, in part:

The court is permitted to order a different result for cause. The basic purpose of the subsection is to undo the bankruptcy case, as far as practi-

**In re WHITNEY PLACE PARTNERS, a Georgia general partnership, Debtor.**

**Bankruptcy No. 89–03575.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 20, 1992.

David G. Bisbee, Bisbee, Rickertsen & Herzog, Atlanta, GA, atty. for Debtor's atty.

**In re Eddie Fred PETERS, Debtor.**

**LITHONIA CHIROPRACTIC CLINIC, Plaintiff,**

v.

**Johnnie Mae PETERS, Eddie Fred Peters, Defendants.**

**Adv. No. 93–6039.
Bankruptcy No. 92–69159.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 25, 1993.

cable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser.

Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.

HR Rep No. 595, 95th Cong, 1st Sess 338 (1977); S Rep No. 989, 95th Cong, 2d Sess 48–49 (1978).